## Case No. 11,512.

QUIMBY et al. v. The EUPHEMIA.

[9 Hunt, Mer. Mag. (1843) 369.]
District Court.[1]

CONTRACTS—IN WHAT CURRENCY PAYMENT TO BE MADE—SEAMEN'S WAGES.

[An agreement for a voyage from St. Johns in a British ship, for wages at a fixed rate in pounds, calls for payment in pounds sterling, and not in Newfoundland currency, when it appears that advance wages, and wages for a prior voyage under the same agreement, were paid in sterling.]

This was a suit [by Thomas Quimby and others against the brig Euphemia] for the recovery of seamen's wages. The libel in this case alleged a hiring of the libellants at the rate of £2.10 sterling for each per month, except Quimby, whose wages are alleged to have been £2 per month. The owners of the vessel set up in defence that the hiring and wages were not at the rate of the pound sterling of Great Britain, but in the currency of St. Johns, Newfoundland, worth only four

dollars to the pound, and also that the libellants forfeited their wages by departing from the vessel at New York, before the voyage was finished. But it appeared upon the articles of agreement that the vessel belonged to the port of Greenwich, and that the hiring was for a voyage from St. Johns, Newfoundland, and that the stipulated wages was rated in pounds and shillings, without designation of the currency. And it was proved that the agreement was in fact in sterling money, and that the advance wages were paid in that currency, and that some of the men had shipped on a previous voyage under the same agreement, and were paid in sterling currency.

THE COURT therefore adjudged that the libellants are entitled to receive wages at the respective rates mentioned in the articles of agreement, in sterling currency. And it further appearing that the departure of the libellants from the vessel was by express permission of the master, and that after said departure the master promised to pay their wages in full, he cannot now set up that leaving of the vessel as a desertion, nor can he allege antecedent acts of disobedience or neglect of duty on the part of the libellants as forfeiting their wages. The court therefore adjudged that libellants recover their wages, with costs.

QUIMBY (ST. LOUIS STAMPING CO. v.). See Case No. 12,240.

## Case No. 11,513.

QUINEBANG BANK v. JEROLOMAN.
[Nowhere reported; opinion not now accessible.]